1  Adam Rose (210880)
   adam@frontierlawcenter.com
2  FRONTIER LAW CENTER
   23901 Calabasas Rd., #2074
3  Calabasas, California 91302
   Telephone: (818) 914-3433
4  Facsimile: (818) 914-3433

5  Attorney for Plaintiff
   Nantille Charbonnet

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| NANTILLE CHARBONNET, on behalf of herself and all similarly situated individuals, | ) Case No. 3:20-cv-01777-CAB-DEB |
|---|---|
| Plaintiff, | ) CLASS ACTION |
| v. | ) FIRST AMENDED COMPLAINT |
| OMNI HOTELS AND RESORTS, OMNI HOTELS MANAGEMENT CORPORATION, and DOES 1 to 10, | ) 1. VIOLATION OF CONSUMER LEGAL REMEDIES ACT |
| Defendants. | ) 2. VIOLATION OF UNFAIR COMPETITION LAW |
|  | ) 3. VIOLATION OF FALSE ADVERTISING LAW |

PRELIMINARY ALLEGATIONS

1. Plaintiff Nantille Charbonnet is a resident of Los Angeles County.

2. Defendant Omni Hotels and Resorts is a business entity form unknown that transacts business in California.

3. Defendant Omni Hotels Management Corporation is a Delaware corporation that is authorized to transact business in California.

4. Plaintiff does not know the true names and capacities of Does 1 to 10 and uses fictitious names. Plaintiff will amend the complaint when the names are known.

-1-
FIRST AMENDED COMPLAINT

5. Venue is proper in the Southern District pursuant to Cal. Civ. Code § 1780(d) since the hotel Plaintiff stayed at that led to this action was the Omni San Diego.

6. This case relates to a disputed trade practice called drip pricing.

7. The FTC defines drop pricing as a technique where companies advertise only part of a product's or service's price but then reveal other charges later as the consumer goes through the buying process.

8. The additional charges can be mandatory charges or fees; here the additional charge was a resort fee / "destination charge" that was added to the hotel bills after the nightly price was already advertised.

9. Thus, drip pricing is where the seller (Omni) first appears to describe the full price of a defined or expected rate, leaving the consumer to discover later the nature of the property fee.

10. Omni charges consumers the destination charges in addition to the posted rates. However, the destination charges are not disclosed when the rates are initially disclosed. Instead the consumers see a lower advertised base rate for their rooms but only after further clicking and investigation are the destination charges disclosed.

11. The property fees are always arbitrary in their amounts, and they can be arbitrary because they are not based on any objective criteria.

12. When hotels like Omni set nightly rates, the rates are usually based what the demand is in the area. Then after the rate is set, then Omni adds any amount it wants as destination charges but deceptively includes the charges with the added taxes.

13. The destination charges are set just low enough to that most people would not make the effort to contest them, and Omni knows or should know that.

14. Holistically, the destination charges have garnered Omni millions in "ill-gotten gains" since the destination charges never should have been levied.

15. If the destination charges had any possible validity, they would have been part of the **entire rate** pursuant to taxes that are appended to invoices, including: 1) City Occupancy Tax, 2) California Tourism Tax, and 3) San Diego Tourism Assessment.

16. However, Omni goes a step further and adds the same taxes to the destination charge, yet the destination charges are not taxable under any of the regulations.

17. For example, the City Occupancy Tax applies only to "renting" a room and not to amorphous services that are the imaginary components of the destination charges. According to San Diego Municipal Code § 35.0103, the city occupancy tax applies to the "privilege of Occupancy in any Hotel." Occupancy means the use or possession of a hotel room – it does not mean a collection of vague superfluities.

18. Likewise, the San Diego Tourism Assessment relates to hotel occupancy, not unnecessary services as set forth in San Diego Municipal Code § 61.2504.

19. For the California Tourism Assessment, it also only applies to occupancy and not to essentially valueless add-ons pursuant to 10 Cal. Code Regs. § 5350.

20. The other localities where Omni hotels and resorts are located have similar taxes, and Omni applies that assortment of taxes to the destination charges. According to Omni's website, the destination charges relate to the following:

### DESTINATION CHARGE

A $25 per room daily fee will be added to the daily room rate. This fee allows guests to enjoy many services and amenities without having to incur miscellaneous charges. The Omni San Diego Hotel destination charge includes the following (exclusive of taxes):

- Complimentary Deluxe Wi-Fi
- Complimentary local and domestic phone calls
- Complimentary water upon check-in
- Press reader
- Welcome beverage at Zumbido
- Discounted Zoo & Safari Park tickets
- Access to thousands of worldwide digital publications

21. None of the above items relate to occupancy in any way, thus they were not subject to the tourism taxes and were not properly charged to consumers.

22. Further, each of the items listed as part of the destination charge should have been included in the "base" rate as they do not provide any real added services.

-3-
FIRST AMENDED COMPLAINT

23. For example, "complimentary deluxe wi-fi" and "complimentary water" should not have been charged at all if they were complimentary.

24. The destination charges are a vehicle for Omni to charge excessive amounts, and the only way to discover the nature of the destination charges is to hunt for it.

25. For Plaintiff, she wanted to spend the weekend in San Diego with her family from September 1, 2019 to September 4, 2019.

26. Plaintiff looked for hotels on Expedia since the hotel where her family was staying was booked and was impressed with Omni.

27. The prices listed on Expedia are supplied by Omni, as presumably Expedia does not set Omni's rates.

28. The advertised rate does not include the destination charge. Only after clicking "price details" would Plaintiff have seen something like the following:

| **Price details** | |
|---|---|
| 1 room x 1 night | $152 |
| Taxes | $23 |
| Property fee | $25 |
| **Total** | **$200** |

29. Plaintiff, like all similarly situated consumers, was lured into the artificially lowered rate. As part of the drip pricing fait accompli, the destination charge was not revealed until after the false price was first represented.

30. Essentially, the misrepresentation was Omni's advertised rate which did not disclose the destination charge due to drip pricing.

31. Omni knew that not disclosing the destination charge until Plaintiff was ready to buy was a fraudulent omission, since the actual rate was not posted for Plaintiff.

32. Omni intended to defraud Plaintiff and the class members since the destination charges since Omni knew or should have known that withholding the destination charges until further investigation was made would draw Plaintiff and the class members in to the lower, false rate.

33. Plaintiff justifiably relied on the fraudulent omission since she decided to stay

at Omni based on the false advertised rate.

34. Plaintiff was damaged by paying a higher price than the initial advertisement.

35. In November 2012, the FTC warned the hotel industry that the advertised price for hotel rooms should include the resort fees and should be provided to consumers at the outset and not during the checkout process.

36. Omni operates hotels in the following cities in California: San Diego, Los Angeles, Rancho Mirage, Carlsbad, and San Francisco.

37. A CLRA letter was sent to Omni on June 8, 2020.

## CLASS ACTION ALLEGATIONS

38. The class is defined as the following: "All consumers who paid for rooms at an Omni hotel in California from four years before filing the case until preliminary approval or judgment, whichever is earlier."

39. There is a well-defined community of interest in the litigation and the proposed class is ascertainable from Defendants' records.

a. Numerosity: The potential members of the class are so numerous that joinder of all class members is impracticable. While the precise number of class members has not been determined at this time, Plaintiff is informed and believes that the number of class members is in the thousands.

b. Commonality: This action involves common questions of law and fact to the class because the action focuses on the propriety of not easily disclosing the resort fee / destination charge in the initially advertised rate.

c. Typicality: Plaintiff's claims are typical of the claims of the class. Plaintiff was subjected to the same violations and seeks the same types of damages, restitution, and other relief on the same theories and legal grounds as those of the members of the class she seeks to represent.

d. Adequacy of Representation: Plaintiff will fairly and adequately represent and protect the interests of all members of the class. Plaintiff understands the obligations

as class representative. Plaintiff's counsel is competent and experienced in litigating class actions and other complex matters.

e.  Superiority of Class Action: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Each class member has been damaged and is entitled to recovery. Class action treatment will allow similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

40. There are common questions of law and fact as to the class that predominate over questions affecting only individuals, including but not limited to whether the undisclosed resort fee / destination charges violate the Consumer Legal Remedies Act, the Unfair Competition Law, and the False Advertising Law.

## FIRST CAUSE OF ACTION
## VIOLATION OF CONSUMER LEGAL REMEDIES ACT
### Against All Defendants

41. Plaintiff incorporates by reference paragraphs 1 to 40 of the complaint.

42. The resort fee / destination charge imposed by Omni on the class members violates the following provisions of Cal. Civ. Code § 1770(a):

a.  (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have.

b.  (7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model if they are of another.

c.  (9) Advertising goods or services with intent not to sell them as advertised.

43. Pursuant to Cal. Civ. Code §1781, a class action is appropriate.

44. Pursuant to Cal. Civ. Code §§ 1780 and 1782, Plaintiff and the class are entitled to actual damages, restitution, injunctive relief, and attorney fees.

## SECOND CAUSE OF ACTION
## VIOLATION OF UNFAIR COMPETITION LAW
### Against All Defendants

45. Plaintiff incorporates by reference paragraphs 1 to 40 of the complaint.

46. Defendants violated the unfair, deceptive, untrue, or misleading advertising prong of the Unfair Competition Law since members of the public are likely to be deceived by drip pricing.

47. If the advertising is likely to deceive members of the public, the UCL prohibits it even though (a) no member of the public is shown to have actually been deceived, (b) no member of the public detrimentally and reasonably relied upon the advertising, (c) no one sustained any damages, (d) the defendant did not intend to deceive anyone, and (e) the advertising is literally true. *Committee on Children's Television v. General Foods Corp.* (1983) 35 Cal.3d 197, 211 (1983).

48. The drip pricing stratagem is highly likely to deceive members of the public.

49. Plaintiff and the class are entitled to restitution and injunctive relief under Cal. Bus. & Prof. Code § 17203, and attorney fees under Cal. Code Civ. Proc. § 1021.

## THIRD CAUSE OF ACTION
## VIOLATION OF FALSE ADVERTISING LAW
### Against All Defendants

50. Plaintiff incorporates by reference paragraphs 1 to 40 of the complaint.

51. Cal. Bus. & Prof. Code § 17500 prohibits false advertising.

52. Defendants engaged in drip pricing as part of a plan or scheme with the intent not to sell the hotel services at the price stated therein or as so advertised; this is specifically prohibited under the False Advertising Law.

53. Defendants knew the room rate statements were misleading since the advertised room rates did not disclose the resort fee / destination charge; thus, the advertisements are misleading and violate the FAL.

54. By initially quoting room rates without the resort fee, Omni deceived consumers about the actual rates.

55. Omni misled consumers about the full room rates, but then has claimed that subsequent disclosure after stating the incorrect, lower rate somehow addresses the deceptive advertising.

56. However, any subsequent disclosure is inadequate since Omni does not forthrightly explain what the destination charge is – only after significant hunting on the Omni website would a consumer discover the nonessential fiction of what Omni believes comprise destination charges.

57. Additionally, Cal. Civ. Code § 1863 requires conspicuous posting of room rates in the hotel rooms, but the destination charges are not posted.

58. Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff and the class are entitled to injunctive relief and attorney fees under Cal. Code Civ. Proc. § 1021.5.

PRAYER

All Causes of Action

1. Plaintiff is appointed class representative
2. Plaintiff's attorneys are appointed class counsel
3. Class certification

First Cause of Action

1. Actual damages
2. Restitution
3. Injunctive relief
4. Class certification

5. Attorney fees
6. Other relief the court deems proper

Second Cause of Action
1. Restitution
2. Injunctive relief
3. Attorney fees
4. Other relief the court deems proper

Third Cause of Action
1. Actual damages
2. Injunctive relief
3. Corrective advertising
4. Attorney fees
5. Other relief the court deems proper

Date: October 15, 2020                    FRONTIER LAW CENTER

/s/ Adam Rose
Attorney for Plaintiff
Nantille Charbonnet

JURY TRIAL DEMANDED

Plaintiff demands a jury trial pursuant to Fed. R. Civ. Pro. 38.

Date: October 15, 2020                    FRONTIER LAW CENTER

/s/ Adam Rose
Attorney for Plaintiff
Nantille Charbonnet