1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

10

SOUTHERN DISTRICT OF CALIFORNIA

11

12  | NANTILLE CHARBONNET, on behalf
13  | of herself and all similarly situated
    | individuals,

Case No.:  20-cv-01777-CAB-DEB

**ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS**

14                                     Plaintiff,

15  | v.

16  | OMNI HOTELS AND RESORTS, OMNI
17  | HOTELS MANAGEMENT
    | CORPORATION, and DOES 1 to 10,

[Doc. No. 8]

18

19                                     Defendants.

20

21       This matter comes before the Court on Defendants Omni Hotels Management

22  Corporation and Omni Hotels and Resorts' (hereinafter "Defendants" or "Omni"[1]) motion

23  to dismiss.  [Doc. No. 8.]  The motion has been fully briefed and the Court finds it suitable

24  for determination on the papers submitted and without oral argument.  *See* CivLR 7.1(d)(1).

25  For the reasons set forth below, the motion is granted.

26

27

28  [1] Defendants contend that Omni Hotels and Resorts is not a distinct legal entity from Omni Hotels
    Management Corporation and has been erroneously named a party to this suit.  [Doc. No. 1 at p. 1.]

1

## I.     BACKGROUND

Omni operates and manages various hotels in California.   Omni advertises its available rooms and daily room rates on both its own website and the websites of third-party online travel agencies, including Expedia. [Doc. No. 7 ¶¶ 26-27.]  When a consumer visits the Expedia page for Omni's San Diego hotel, the website lists the various hotel rooms available and their daily rate based on the consumer's dates of travel and number of travelers in their party.  [Doc. No. 9 at p. 9.]  The daily rate (i.e., $135) is displayed in large, bold font with smaller text underneath stating that the above rate is "per night."  [*Id.*]  On the next line, in roughly the same font size as the "per night" text, the website states a different amount as the "total" cost (i.e., "$181 total") that "includes taxes & fees."  [*Id.* at p. 10.]  Directly underneath this text, the consumer can click on a drop-down list labeled "Price details," which then breaks down the total cost into the daily rate, taxes, and the "property fee"[2] of $25.00.  [*Id.*]

Whether the consumer clicks on the "Price details" drop-down list or not, the total cost of the booking, which includes that daily rate, taxes and fees are presented to the consumer before any decision to reserve or action by the consumer is required. With the total cost presented, a consumer must then select "Reserve" (below "Price details") to proceed with booking a room at the Omni hotel.  [*Id.*]  The consumer must then pay the total cost (i.e., $181) to reserve the room on Expedia.

At some point prior to September 1, 2019, Plaintiff browsed Expedia's website for available hotel rooms in San Diego for a three-night stay with her family.  [Doc. No. 7 ¶ 25.]  After searching for hotels on Expedia, Plaintiff was "impressed with Omni" and decided to book a room at its San Diego location.  [*Id.* ¶¶ 25-33.]  Plaintiff alleges that Omni's advertised daily rate on Expedia did not reflect the mandatory $25 property fee that

---

[2] In their pleadings, both parties refer to the $25 charge at issue by various names, including "property fee," "destination charge," and "resort fee."  Throughout this order, the Court will refer to the $25 charge as the "property fee."

was included in the total room charge, and that this fee was not revealed to her until she was "ready to buy." [*Id.* ¶ 31.] Accordingly, Plaintiff alleges she "justifiably relied on [Omni's] fraudulent omission" of not disclosing the property fee "since she decided to stay at Omni based on the false advertised rate." [*Id.* ¶ 33.]

On July 31, 2020, Plaintiff, on behalf of herself and all similarly situated individuals, filed a complaint against Omni in state court alleging that the manner in which Omni's rates appeared on Expedia constituted false and deceptive advertising because it utilized a "drip pricing" scheme and misrepresented the true rates for its hotel rooms. [Doc. No. 7.] Defendants removed the matter to this Court on September 10, 2020 based on diversity jurisdiction. [Doc. No. 1.] On October 15, 2020, Plaintiff filed the First Amended Complaint ("FAC") against Defendants. [Doc. No. 7.] The FAC asserts three claims under California state law for violations of: (1) the Consumer Legal Remedies Act ("CLRA"), CAL. CIV. CODE §§ 1770(a)(5), 1770(a)(7), and 1770(a)(9); (2) the Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE §§ 17200 *et seq.*; and (3) the False Advertising Law ("FAL"), CAL. BUS. & PROF. CODE §§ 17500 *et seq.* [*Id*. ¶¶ 41-58.]

On November 5, 2020, Defendants moved to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. No. 8.] The motion is now fully briefed and ripe for resolution.

## II.   LEGAL STANDARD

The familiar standards on a motion to dismiss apply here. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nor is the Court "required to accept as true allegations

that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation marks omitted). If a complaint does not survive scrutiny under Rule 12(b)(6), the Court will grant leave to amend unless it determines that no modified claims "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

## III.   DISCUSSION

Plaintiff alleges that Omni's advertising of its hotel room rates on Expedia is deceptive because "the nonessential [property fee] is not disclosed until finalizing" the process of booking a room. [Doc. No. 9 at p. 16.] In other words, the property fee was "disclosed only after Omni falsely advertised the hotel rate." [*Id.* at p. 17.] Defendants argue that Plaintiff's FAC should be dismissed with prejudice for three reasons: (1) Plaintiff has not plausibly alleged any deceptive conduct by Omni; (2) Plaintiff has not alleged that she relied on any specific representation made by Omni, and therefore lacks statutory standing; and (3) Plaintiff has failed to plead her claims sounding in fraud with particularity as required by Federal Rule of Civil Procedure 9(b). [Doc. No. 8 at p. 9.] The Court addresses each of these arguments in turn.

### 1.   Failure to State a Claim Under Rule 12(b)(6)

Plaintiff brings her claims under three California consumer protection statutes: the CLRA, the UCL, and the FAL. The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices." CAL. CIV. CODE § 1770. The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." CAL. BUS. & PROF. CODE §

17200.[3]  The FAL prohibits a business from disseminating any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."  CAL. BUS. & PROF. CODE § 17500.  Together, these three statutes "prohibit not only advertising which is false, but also advertising which, although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public."  *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1017 (9th Cir. 2020) (quoting *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)).

Claims under each of these statutes are governed by the "reasonable consumer" test.  Under this standard, the plaintiff must show that "members of the public are likely to be deceived."  *Williams*, 552 F.3d at 938 (internal citations omitted).  The reasonable consumer standard requires more than a mere possibility that some consumers may be misled by the defendant's act or practice; rather, it "requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled."  *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (quotation marks omitted).

Omni argues that Plaintiff's claims fail because she has not plausibly alleged any deceptive conduct by Omni.  [Doc. No. 8 at p. 9.]  More specifically, Omni argues that Plaintiff does not and cannot allege that Omni engaged in any conduct that was likely to deceive a reasonable consumer because it disclosed the property fee before Plaintiff could book her reservation at the Omni hotel.  [*Id.* at p. 16.]  Plaintiff responds that she has pled sufficient facts to state a claim under all three statutes: (1) under the CLRA, that Omni's destination fee "is couched in such a manner that it is likely to mislead or deceive a consumer" [Doc. No. 9 at p. 20]; (2) under the UCL, that Omni falsely advertised its hotel

---

[3] A violation of the UCL's fraud prong is also a violation of the FAL.  *In re Tobacco II Cases*, 93 Cal. Rptr. 3d 559, 569 n.8 (2009).

1   rate and only later disclosed the property fee [*Id.* at p. 17]; and (3) under the FAL, that

2   Omni publicly disseminated/advertised false or misleading hotel room rates [*Id.* at p. 6.].[4]

3        Accepting Plaintiff's factual allegations as true, Plaintiff has not adequately alleged

4   a cognizable legal theory of how reasonable consumers would be deceived by Omni's

5   representations.  Plaintiff contends that the representations on Omni's Expedia page are

6   likely to deceive reasonable consumers because she was "lured into [Omni's] artificially

7   lowered rate" for a hotel room, and "the [property fee] was not revealed until after the false

8   price was first represented."  [Doc. No. 7 ¶ 29.]  However, as reflected in the screenshots

9   of Omni's Expedia page provided by Plaintiff, Omni explicitly discloses that the daily rate

10  advertised does not equal the total cost of the room.  [Doc. No. 9 at p. 9.]  On the same

11  page as the daily rate, on a line of text directly beneath it, Omni states the higher, total price

12  for the room that "includes taxes & fees."  [*Id.*]  This disclosure would put a reasonable

13  consumer on notice that they would be charged some taxes and fees in addition to the daily

14  rate for the total price.  Though the text stating the total price is in slightly smaller font than

15  the daily rate, anyone reading the daily rate would be able to read the marginally smaller

16  text as well.  *See Harris v. Las Vegas Sands LLC*, No. CV 12-10858 DMG (FFMx), 2013

17  WL 5291142, at *5 (C.D. Cal. Aug. 16, 2013) ("The font of the disclosure was smaller, but

18  not by much.  Seven point font is certainly readable to someone who is otherwise able to

19  read the 8.5 point font that made up the rest of the text.").  In sum, the total price is disclosed

20  to the consumer before they even click "Reserve" to take the first step toward booking a

21  room at the Omni.

22       Further, a reasonable consumer booking a room on Omni's Expedia page need not

23  "go on a research mission to determine what the added 'fees' are" or "intuit" that the

---

[4] Though Plaintiff makes new allegations in her responsive papers that Omni deceived consumers through statements made on its website [Doc. No. 9 at p. 11], in the FAC Plaintiff only alleges that Omni made misrepresentations on its Expedia page.  [Doc. No. 7 ¶ 26.]  For purposes of a 12(b)(6) motion, the Court only evaluates the sufficiency of the allegations made in the FAC.  Therefore, the Court focuses its analysis on whether Plaintiff has stated sufficient facts in the FAC to show that a reasonable consumer would likely be deceived by Omni's representations made in its Expedia listing.

property fee would be added to their total bill.  [Doc. No. 9 at pp. 20-21.]  On the very same page, before beginning the reservation process, a consumer can click on the prominently displayed "Price details" drop-down menu to see a breakdown of what taxes and fees will be added to the daily rate.  [*Id.* at p. 10.]  Selecting the drop-down menu does not redirect the consumer to another page or require them to go searching for what exactly the "taxes & fees" are that they will be charged.  Instead, the drop-down menu breaks the total cost of the room down into the daily rate, the taxes, and the property fee.  [*Id.*]  The screenshot provided by Plaintiff shows that the "Price details" link is in even larger font than the total price.  [*Id.*]  Although a consumer browsing the Expedia page is not informed of what the property fee covers, Plaintiff does not allege that class members were deceived as to the property fee's benefits.[5]  Instead, Plaintiff alleges that they were deceived as to whether they would be charged for such a fee at all.  [Doc. No. 7 ¶ 32.]

Beyond her conclusory statements that Omni "withheld" the property fee and thereby "intended to defraud" the class, Plaintiff has not shown that the property fee was in fact hidden from consumers seeking to book a room at the Omni hotel.  [*Id.*]  Nor has Plaintiff explained how a reasonable consumer would be deceived into thinking the total cost of their room did not include the property fee.  To believe that the total cost of a one-night stay at the Omni is the daily rate amount, solely because it is in a slightly larger font than the actual stated total price listed below, would require a consumer to ignore both the total price and the "Price details" link, click "Reserve" directly below them and pay for a room at the higher price including the stated taxes and fees without recognizing the difference.  The Court finds that this purported consumer would not be a reasonable one, and thus cannot support Plaintiff's claims under the reasonable consumer standard.

---

[5] While Plaintiff opines that "each of the items listed as part of the [property fee] should have been included in the 'base' rate as they do not provide any real added services" [Doc. No. 7 ¶ 22], she does not allege in the FAC that she or any consumer would be misled by Omni's statement on its website of what the property fee provides.  *See Williams*, 552 F.3d at 938.

Accordingly, Plaintiff has failed to allege sufficient facts to state a plausible claim for relief under the CLRA, the UCL, and the FAL.

### 2. Plaintiff's Statutory Standing to Sue

Second, Defendants argue that Plaintiff fails to allege that she relied on any specific representation made by Omni, and therefore lacks standing to bring a claim under the CLRA, the UCL, and the FAL. [Doc. No. 8 at p. 18.]

To establish standing under the CLRA, the UCL, and the FAL, a plaintiff must demonstrate both actual reliance on the alleged deception and economic injury-in-fact. *See In re Tobacco II Cases*, 93 Cal. Rptr. 3d at 580-81. First, actual reliance requires that a plaintiff "show that the defendant's nondisclosure was an immediate cause of the plaintiff's injury-producing conduct." *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1225 (9th Cir. 2015). In other words, "a plaintiff must show that had the omitted information been disclosed, one would have been aware of it and behaved differently." *Sanchez v. Wal Mart Stores, Inc.*, No. CIV206CV02573JAMKJM, 2009 WL 2971553, at *2 (E.D. Cal. Sept. 11, 2009) (internal quotation marks omitted); *see also Davidson v. Kimberly-Clark Corp.*, No. C 14-1783 PJH, 2014 WL 3919857, at *9 (N.D. Cal. Aug. 8, 2014) ("[T]o maintain a claim under the FAL and CLRA, as well as under any UCL claim premised on fraud or misrepresentation, a plaintiff must plead facts showing that she relied on the defendant's alleged misrepresentation."). Second, to establish economic injury-in-fact, a plaintiff must show that "by relying on a misrepresentation . . . they paid more for a product than they otherwise would have paid or bought it when they otherwise would not have done so." *Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015) (quoting *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104 n.3, 1108 (9th Cir. 2013)).

Plaintiff fails to meet her burden of plausibly pleading her statutory standing under Rule 12(b)(6).[6]  In the FAC, Plaintiff alleges that Omni "did not disclose the destination charge due to drip pricing," and that Omni's "not disclosing the destination charge until Plaintiff was ready to buy was a fraudulent omission."  [Doc. No. 7 ¶¶ 30-31.]  Plaintiff then alleges that she "justifiably relied on the fraudulent omission since she decided to stay at Omni based on the false advertised rate," and that she was "damaged by paying a higher price than the initial advertisement."  [*Id.* ¶¶ 33-34.]  However, beyond these conclusory allegations, Plaintiff fails to plead sufficient facts establishing that she actually relied on Omni's alleged "omission" of the property fee when booking her stay.

First, Plaintiff has not plausibly shown that Omni failed to disclose its property fee. The allegations and screenshots provided by Plaintiff demonstrate that the property fee was plainly disclosed on the same page as the daily rate.  [Doc. No. 9 at p. 9.]  As discussed above, no reasonable consumer browsing Omni's Expedia listing would be deceived into thinking the total cost of a hotel room was just the daily rate.  Second, even if separately adding the property fee to the total cost before booking could be deemed a fraudulent omission, Plaintiff has not shown that she actually relied on Omni's alleged nondisclosure when booking her stay.

The facts pled in the FAC indicate that Plaintiff booked and paid for a three-night stay at the Omni hotel, and that the total price she paid to complete her reservation included the $25/day property fee.  [Doc. No. 7 ¶¶ 33-34.]  The total price was provided to the consumer before booking, not at check-in after the reservation was made or at check-out after the service had been provided.   Plaintiff was undoubtedly aware that the total cost she was paying was more than the daily rate, and a reasonable consumer would have understood the higher total cost to include taxes and the property fee.  Nevertheless,

---

[6] The Ninth Circuit has recognized that statutory standing is a question of merits rather than subject matter jurisdiction and is properly analyzed under Rule 12(b)(6).  *See Vaughn v. Bay Env't Mgmt., Inc.*, 567 F.3d 1021, 1024 (9th Cir. 2009).

Plaintiff continued with booking a room at the Omni.  The fact that Plaintiff completed her reservation and paid the higher total price, knowing it was more than the advertised daily rate, shows that the addition of taxes and fees ultimately had no effect on her decision to book a room there.  Plaintiff therefore cannot show that she would have behaved any differently as the allegedly "omitted" property fee was disclosed in the total price and she accepted it.  *See Sanchez*, 2009 WL 2971553, at *2.

By the same reasoning, Plaintiff has not established that she suffered any economic harm from Omni's alleged nondisclosure.  Plaintiff cannot show that she paid more than she otherwise would have paid, or that she booked a hotel room when she otherwise would not have done so.[7]  *Reid*, 780 F.3d at 958.  To the contrary, Plaintiff knew prior to completing her reservation that the total cost of a hotel room at the Omni included taxes and fees, and she went through with booking it at the higher price anyway.  Even assuming that Omni's separate inclusion of the property fee from its initially advertised rate on Expedia could constitute a fraudulent omission, Plaintiff cannot show that she would have acted any differently had the property fee been disclosed to her earlier.

Plaintiff has not established that she actually relied on any nondisclosure in making her decision to stay at the Omni, nor that she suffered any economic injury-in-fact as a result.  Accordingly, Plaintiff has failed to establish her statutory standing to bring claims against Omni under the CLRA, the UCL, and the FAL, and her claims must be dismissed pursuant to Rule 12(b)(6).

---

[7] Plaintiff's initial Complaint alleged that she became aware of the property fee when she checked out of the Omni hotel and saw it appended to her bill.  [Doc. No. 1-2 ¶ 12.]  In the FAC, Plaintiff withdraws this representation, and amended her pleading to reflect the fact that she booked online and was presented with the total cost of her prospective hotel stay—including taxes and the property fee—before she elected to reserve and pay for the booking.

### 3.   Failure to Meet Fraud Pleading Requirements Under Rule 9(b)

Finally, Defendants argue that because Plaintiff's claims sound in fraud, she is required under Federal Rule of Civil Procedure 9(b) to plead fraud with particularity, and that she failed to meet these heightened pleading requirements.  [Doc. No. 8 at p. 9.]

Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard on a party alleging fraud, requiring that the party "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b).  "In other words, a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Moore*, 966 F.3d at 1019 (quoting *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018)).  The particularity required by Rule 9(b) is distinct from the plausibility required to state a claim under Rule 12(b)(6)—allegations in a complaint may be sufficiently particularized under Rule 9(b), but nevertheless "fail[ ] *in toto* to render plaintiffs' entitlement to relief plausible." *Bell Atl. Corp.*, 550 U.S. at 569 n.14.

Plaintiff first argues that fraud "is not intrinsic in UCL, FAL, or CLRA claims," and that "[f]raud does not necessarily have to exist in conjunction with a false advertisement." [Doc. No. 9 at pp. 13-14.]  However, the Ninth Circuit has repeatedly recognized that Rule 9(b)'s particularity requirement applies to claims made in federal court under the CLRA, the UCL, and the FAL. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *see also Davidson*, 889 F.3d at 964 (holding that because Plaintiff's CLRA, FAL, and UCL causes of action "are all grounded in fraud, the FAC must satisfy the traditional plausibility standard of Rules 8(a) and 12(b)(6), as well as the heightened pleading requirements of Rule 9(b).").  Even if fraud is not an essential element of a claim, allegations of fraudulent conduct must still satisfy the heightened pleading requirements of Rule 9(b). *See Vess*, 317 F.3d at 1103.  Plaintiff next argues that the FAC is not grounded in fraud, and therefore her allegations against Defendants "need satisfy only the ordinary notice pleading standards of Rule 8(a)."  [Doc. No. 9 at p. 14, quoting *Vess*, 317 F.3d at 1105.]  However, in the FAC, Plaintiff specifically alleges that Omni's failure to disclose the destination charge—which

Plaintiff contends is "the basis for the case" [*Id.* at p. 17]—was a "fraudulent omission," and that "Omni intended to defraud Plaintiff and the class members."  [Doc. No. 7 at p. 4.] Plaintiff's allegations are clearly grounded in fraud, and thus must comply with Rule 9(b).

Finally, Plaintiff argues that the FAC satisfies Rule 9(b)'s requirements by stating the "who, what, when, where and how" of the alleged fraud: "The who—Omni Hotels Management Corporation.  The what—the initially falsely advertised rate.  The where— on Expedia or Omni's website.  The when—while booking a room.  The how—the nonessential destination charge is not disclosed until finalizing."  [Doc. No. 9 at p. 17.] Plaintiff's pithy conclusion that the FAC satisfies the "how" prong is mistaken.

In the FAC, Plaintiff alleges that Omni did not include the $25 property fee in its advertised daily rate on Expedia's website, and that she was defrauded by this omission when she decided to book a stay at the Omni hotel.  [Doc. No. 7 ¶¶ 28-34.]  However, Plaintiff has not adequately alleged "what is false or misleading about the purportedly fraudulent statement, and why it is false." *Moore*, 966 F.3d at 1019.  As discussed at length above, Omni plainly discloses the property fee on the same page as (and directly below) the advertised daily rate.  [Doc. No. 9 at p. 9.]  Omni further discloses the taxes that will be added onto the daily rate, as well as the total price a consumer would pay for the room. [*Id.*]  Plaintiff does not provide any facts to support her contention that the property fee is "not disclosed until finalizing." [*Id.* at p. 17.]  Instead, Plaintiff chooses to not acknowledge the fact that the total price is listed on the same page as the initially advertised rate.  [*Id.* at p. 10.]  Plaintiff also fails to explain how Omni's Expedia listing could be false or misleading as presented.  Allegations of fraudulent "drip pricing," without any factual support, are not sufficient to "provide defendants with adequate notice to allow them to defend the charge" as intended by Rule 9(b).  *Kearns*, 567 F.3d at 1125 (quoting *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996)).

Accordingly, the Court finds that Plaintiff fails to "state with particularity the circumstances constituting fraud or mistake," and thus has not met Rule 9(b)'s heightened pleading standard.  FED. R. CIV. P. 9(b).

## IV.   CONCLUSION

For the reasons set forth above, the Court **GRANTS** the Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Further, the Court does not grant leave to amend.  Plaintiff has now had two opportunities to plead her claims, the parties do not appear to dispute the essential facts of Defendants' conduct at issue, and the Court has ruled on the legal issues in dispute.  Under these circumstances, it does not appear that further amendment will be able to cure the deficiencies of Plaintiff's complaint.[8] Accordingly, this case is **DISMISSED with prejudice** and the Clerk of Court shall **CLOSE** this matter.

It is **SO ORDERED**.

Dated:  December 16, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[8] The FAC substantially changed Plaintiff's factual account of her experience from an allegation that she only learned of the inclusion of the property fee on her bill at the time of check-out, to the acknowledgement that she had all the allegedly "omitted" information before she even reserved the room.  Based on the newly alleged facts, the Court finds that Plaintiff has not stated a claim.  Further amendment will not change the facts alleged, and amendment is not provided as an opportunity to cast a different net over Defendants' business practices based on a new set of factual allegations.